IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Beverly J. ALSTON, Marvin MINNEY, Jr., and Esie CADE<br><br>Plaintiffs,<br>v.<br><br>BANK OF AMERICA, N.A. *et al.*,<br><br>Defendants. | Civil No. 18-13702 (RBK/AMD)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter is before the Court on the unopposed motions to dismiss (Doc. Nos. 11, 15) of Defendants Bank of America, N.A. ("BANA") and Carrington Mortgage Services ("Carrington") (collectively, "Defendants"). For the reasons below, Defendants' motions are **GRANTED** as to Plaintiffs' claims under the Fair Debt Collection Practices Act ("FDCPA") and the Truth-in-Lending Act ("TILA"). Because Plaintiffs' federal claims fail as a matter of law, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and **DISMISSES** Plaintiffs' Complaint (Doc. No. 1 ("Compl.").)

I. **BACKGROUND**

This case concerns attempts by Plaintiffs Beverly Alston, Marvin Minney, Jr., and Esie Cade ("Plaintiffs") to avoid a state court's final judgment in mortgage foreclosure. On March 7, 2008, Alston entered into a mortgage agreement with Mortgage Electronic Registration Systems, Inc. ("MERS") for a residential property in Mt. Holly, New Jersey. (Compl. at ¶ 10.) That same day, Alston signed a note with American Mortgage, Inc. ("AMI") in exchange for a loan in the

1

amount of $182,700.00. (*Id.* at ¶ 11; *see also* Doc. 15-3, Def. BANA Br. at Ex. A.) MERS then assigned the mortgage to BANA. (Doc. No. 15-5, Def. BANA Br. at Ex. C.)

After Alston defaulted on her loan repayment obligations in May 2011, BANA commenced a foreclosure action against Alston in the Superior Court of New Jersey, Burlington County. (Doc. No. 15-6, Def. BANA Br. at Ex. D.) The state court subsequently entered a final judgment against Alston, which Alston did not appeal. (Doc. No. 15-9, BANA Br. at Ex. G.) After the Final Judgment, Alston transferred her property to Minney, who then transferred the property to Cade. (Compl. at ¶¶ 44–45.) The property was eventually listed for sale. (*Id.* at ¶¶ 46–49.)

On September 9, 2018, and with the property's sale allegedly "improperly scheduled," Plaintiffs filed this action, alleging violations of the FDCPA for wrongful foreclosure and sheriff's sale (Count One); unjust enrichment (Count Two); TILA violations (Count Three); New Jersey Consumer Fraud Act violations (Count Four); and a claim to quiet title (Count Five). (*Id.* at ¶¶ 50–80.) In alleging the wrongfulness of the foreclosure and sale, Plaintiffs claim that the debt is not actually owed to Defendants, that the entire state court litigation is improper, and that the case should "immediately be dismissed." (*Id.* at ¶¶ 53, 55–57.) Plaintiffs similarly claim that "Plaintiffs are entitled to have the Note and Mortgage declared null and void" based on alleged irregularities "apparent on the face of the assigned documents" (*id.* at ¶¶ 68–69) and ask for "a judicial determination and declaration" on their rights about the property and corresponding Note and Mortgage (*id.* at ¶ 37).

Carrington and BANA now move to dismiss Plaintiffs' Complaint on several grounds, including that Plaintiffs' claims are barred as attempts to re-litigate issues decided in the state court foreclosure action. Although Plaintiffs have not opposed the motion, the Court must still analyze

2

whether they have stated claims on the merits. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). As explained below, they have not.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A district court may treat a party's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as either a facial or factual challenge to the court's jurisdiction. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Id.* at 178 (citing *Mortensen v. First Fed. Sav. Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). When a defendant raises a factual challenge to jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Id.* A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

## III. DISCUSSION

Defendants are correct that Plaintiffs' claims are barred as improper attempts to re-litigate issues decided in state court. In Count One, for example, Plaintiffs allege that Defendants violated the FDCPA by attempting to bring their property to sale based on a debt "not actually owed to them." (Compl. at ¶ 53.) Plaintiffs similarly allege that because the litigation surrounding the "entire foreclosure action" is based on improper attempts to sell the property, "the entire [foreclosure] case" should "immediately be dismissed." (*Id.* at ¶¶ 55–57.) Moreover, in Count Three, Plaintiffs allege that Defendants violated the TILA by failing to provide proper information

surrounding the foreclosure apparent on the face of the assigned documents, and, therefore, that "Plaintiffs are entitled to have the Note and Mortgage declared dull and void." (*Id.* at ¶¶ 67–69.)

At their core, such claims relate to the validity of the foreclosure action and implicate matters already decided by the state court when it entered final judgment. *See Great Falls Bank v. Pardo*, 622 A.2d 1353, 1355–56 (Ch. Div. 1993) ("The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises."); *see also Bank of Am., N.A. v. Westheimer*, No. 12-cv-7080, 2014 WL 809207, at *10 (D.N.J. Feb. 28, 2014) ("In New Jersey, in order to foreclose on a mortgage, a lender must establish that: (1) the mortgage and the loan documents are valid; (2) the mortgage loan is in default; and (3) it has a contractual right to foreclose in light of the default.").

Accordingly, Plaintiffs' claims are barred under the *Rooker-Feldman* doctrine, which holds that a federal district court cannot exercise jurisdiction if it would result in "overturn[ing] an injurious state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). The *Rooker-Feldman* doctrine prevents a suit from going forward in federal court when (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) the judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Requests for federal courts "to overturn or negate [a] Final Foreclosure Judgment issued by [a state court]" are "plainly barred by the *Rooker-Feldman* doctrine." *Pitts v. Bayview Loan Servicing, LLC*, No. 18-cv-633, 2018 WL 6243037, at *4 (D.N.J. Nov. 29, 2018); *see also Kajla v. U.S. Bank Nat'l Ass'n for Credit Suisse First Bos. MBS ARMT 2005-8*, No. 17-cv-8953, 2018 WL 1128498, at *4 (D.N.J.

Mar. 1, 2018) ("In the foreclosure context, the Third Circuit has repeatedly found that *Rooker-Feldman* bars a plaintiff's federal claims seeking redress of a state court foreclosure judgment.") (collecting cases).

Here, all four *Rooker-Feldman* requirements are met. First, the New Jersey state court entered a judgment against Alston in the foreclosure action that was not appealed. Second, Plaintiffs complain of injuries caused by the state court judgment and ask this Court to prevent the foreclosure sale and void the security interests in the property. Third, the state court judgment was finalized before Plaintiffs filed this federal action on September 9, 2018. Fourth, and as noted above, Plaintiffs ask this Court to effectively overrule the state court judgment. Because under *Rooker-Feldman*, the Court lacks subject matter jurisdiction over Plaintiffs' claims that simply attack the state court judgment of foreclosure, they are dismissed. *See Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) (holding that *Rooker-Feldman* barred the district court from hearing claims that would negate a state court judgment in foreclosure action); *Francis v. TD Bank, N.A.*, 2013 WL 4675398, at *4 (D.N.J. Aug. 30, 2013), *aff'd*, 597 F. App'x 58 (3d Cir. 2014) (holding that when a federal court's ruling "would effectively overturn the state court's determination that [a] foreclosure could proceed," the plaintiff's claims are so "inextricably intertwined with the state court's grant of summary judgment" that they must be dismissed under the *Rooker-Feldman* doctrine).

Relatedly, and to the extent *Rooker-Feldman* would not bar Plaintiffs' claims, they are barred under the entire controversy doctrine, which "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court." *Pitts*, 2018 WL 6243037, at *4 (quoting *Cogdell v. Hosp. Ctr. at Orange*, 560 A.2d 1169, 1172 (N.J. 1989)). In foreclosure cases, "the entire controversy doctrine requires that all 'germane' claim[s] must be joined in the

5

first action or they are forever barred." *Id.* "[A]ny claim challenging the foreclosure-plaintiff's 'right to foreclose' is 'germane' to a foreclosure action and must be raised there." *Id.* Indeed, "[c]ourts have viewed several types of claims as germane to a New Jersey foreclosure action, including those challenging the circumstances surrounding origination of the loan, challenging the validity of the loan itself, and arising out of the mortgage transaction." *Guaba v. World Sav. Bank*, No. 14-cv-2408, 2014 WL 6870995, at *2 (D.N.J. Dec. 3, 2014). Because Plaintiffs' FDCPA and TILA claims challenge such conduct, Plaintiffs' claims were germane to the foreclosure action, could have been brought there, and are now barred. Accordingly, Plaintiffs' federal claims (Counts One and Three) are dismissed.

With no viable federal claims remaining in this case, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims for unjust enrichment, violations of the New Jersey Consumer Fraud Act, and to quiet title. *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' FDCPA and TILA claims are **DISMISSED**, and the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Accordingly, Plaintiffs' Complaint is **DISMISSED**, and the Clerk shall close this case. An Order shall issue.

Dated: 4/17/2019 /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

6